UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MAROWITZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SARAH WILLIAMS, et al.,<br><br>    Defendants. | No. 1:16-cv-01892-DAD-BAM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY<br><br>(Doc. No. 17) |

This matter is before the court on a motion to dismiss[1] plaintiff's second amended complaint ("SAC") filed on behalf of defendants Mariposa County Planning Department and Sarah Williams (collectively, the "defendants"). (Doc. No. 17.) A hearing on the motion was held on October 16, 2018. Plaintiff Andrew Marowitz appeared on his own behalf. Attorney Nicolas R. Cardella appeared on behalf of defendants. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant defendants' motion to stay this action pending final resolution of plaintiff's state court proceedings.

/////

---

[1] Defendants' motion is styled as a motion to dismiss. However, defendants' principal argument is that this case should be dismissed or stayed pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (Doc. No. 17-1 at 16.) As discussed below, the court agrees that it should surrender its jurisdiction to the state court under the circumstances of this case. The court will therefore stay this action pending resolution of plaintiff's state court proceedings.

1

# BACKGROUND

On September 1, 2016, plaintiff filed a *pro se* complaint in Mariposa County Superior Court against the defendants asserting numerous causes of action, each of which stems from searches that Mariposa County personnel executed on plaintiff's property without plaintiff's consent or a warrant. (Doc. No. 17-3, Ex. A.) On December 20, 2016, plaintiff filed a *pro se* complaint in this court against defendants alleging numerous claims based upon those same searches. (Doc. No. 1.)

On February 5, 2018, defendants filed a demurrer to the operative complaint in the state suit, arguing the complaint failed to allege facts sufficient to state a cause of action. (Doc. No. 17-3, Exs. E, F.) After hearing, the state trial court ruled that plaintiff "had no legitimate expectation of privacy in the areas of his property that w[ere] searched by the County pursuant to the open fields doctrine." (Doc. No. 17-3 at 291.) Defendants' demurrer was sustained without leave to amend as to all causes of action except his challenge to the constitutionality of California Government Code § 65105, as to which plaintiff was granted leave to amend for the sole purpose of substituting the State of California as defendant. (*Id.* at 291–92.) On or about May 7, 2018, plaintiff appealed the state trial court ruling to the California Court of Appeal for the Fifth Appellate District. (Doc. No. 17-3, Ex. M.)

On August 21, 2018, defendants were served in this case.[2] (Doc. Nos. 12, 13.) On August 23, 2018, plaintiff filed his SAC, the operative complaint in this federal action.[3] (Doc. No. 15.) On August 31, 2018, plaintiff filed an application with the California Court of Appeal requesting a sixty (60) day extension to file his opening brief on appeal from the Superior Court's

---

[2] Plaintiff's original complaint filed in this federal action was initially set to be screened by the assigned magistrate judge. (Doc. No. 4 at 2.) Prior to screening, the magistrate judge granted plaintiff leave to file a first amended complaint ("FAC"). (Doc. Nos. 4, 5.) However, screening of plaintiff's FAC was never conducted, due to a change in the court's screening practices in fee paid cases filed by pro se litigants. Between plaintiff filing of his FAC on December 14, 2017 and the Clerk of the Court issuing a summons on May 9, 2018, plaintiff's action in state court continued to move forward.

[3] It appears plaintiff served defendants with his FAC and not the SAC. (Doc. No. 17-1 at 12 n. 1.) However, defendants have waived objection to any defect in service, and their motion to dismiss addresses the SAC. (*Id.*)

order of dismissal.  (Doc. No. 17-3, Ex. N.)  The state appellate court granted plaintiff's request, and plaintiff's opening brief on appeal is now due on November 9, 2018.  (Doc. No. 17-3, Ex. O.)

On September 11, 2018, defendants filed the motion to dismiss plaintiff's SAC.  (Doc. No. 17.)  On September 26, 2018, plaintiff filed his opposition.  (Doc. No. 26.)  On October 9, 2018, defendants filed their reply to plaintiff's opposition.  (Doc. No. 27.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the court will not assume the truth of legal conclusions cast in the form of factual allegations.  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 676.  A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.

## ANALYSIS

### A.  Defendants' Request for Judicial Notice

Defendants request that the court take judicial notice of fifteen documents filed in plaintiff's state court action.  (Doc. Nos. 17-2; 17-3, Exs. A–O.)  Ordinarily, the court considers

only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Pursuant to the Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may therefore take judicial notice of documents filed in related state court actions. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims).

The exhibits that are the subject of defendants' request for judicial notice relate to plaintiff's state suit against the same defendants in which plaintiff alleged similar claims to those raised in this action. Accordingly, the court grants defendants' request for judicial notice, but only for the purposes of noticing the existence of the state suit and the causes of action presented there. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of proceedings in other courts where those proceedings have a "direct relation to matters at issue") (internal quotation marks and citation omitted).

**B.     Whether this Court Should Abstain under *Colorado River***

Defendants contend this action should be dismissed or stayed under the Supreme Court's holding in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). While "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," the Supreme Court has recognized that federal courts may dismiss or stay a case "in situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts." *Id.* at 813, 817. "[C]onsiderations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," underpin the *Colorado River* abstention doctrine. *Id.* at 817 (internal quotation marks and citation omitted).

In the Ninth Circuit, eight factors are to be considered in determining the appropriateness of a dismissal or stay under *Colorado River*:

4

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011) (citing *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002)). "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" *Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818–19. The court's task "is not to find some substantial reason for the *exercise* of federal jurisdiction," but instead "to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983). The court addresses each of these factors below as they apply under the circumstances of this case.

1. <u>Which Court First Assumed Jurisdiction Over Any Property at Stake</u>

Which court first assumed jurisdiction over any property at stake is not relevant here because there is no property in dispute. Both plaintiff's state and federal suits seek injunctive relief, declaratory relief, and damages (Doc. No. 17-3 at 78–79; Doc. No. 15 at 30) and plaintiff does not seek to recover possession of any property in either forum. Consequently, this factor is neutral in the court's abstention analysis.

2. <u>The Inconvenience of the Federal Forum</u>

The second factor considers the inconvenience of the federal forum. Defendants contend that Mariposa County Superior Court is a more convenient location in which to litigate plaintiff's claims than this federal court because "all of the individuals who have knowledge of the facts at issue and who may be called as witnesses to testify[] reside in Mariposa." (Doc. No. 17-1 at 18–

19).  However, the distance between the Mariposa County courthouse and the federal courthouse in Fresno is only approximately seventy-three (73) miles and such a distance is not great enough to favor abstention.  *See, e.g.*, *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368 (9th Cir. 1990) ("Although 200 miles is a fair distance, it is not sufficiently great that this factor points toward abstention.  The district court did not err in finding this factor 'unhelpful.'").  Accordingly, this factor too is neutral and does not weigh in favor or against abstention.

### 3. The Desire to Avoid Piecemeal Litigation

The third factor the court considers is the desire to avoid piecemeal litigation, which "occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters*, 843 F.2d at 1258.  Importantly, "[a] general preference for avoiding piecemeal litigation is insufficient to warrant abstention" because "[a]ny case in which *Colorado River* is implicated will inevitably involve the possibility of conflicting results, piecemeal litigation, and some duplication of judicial efforts, which are the unavoidable price of preserving access to . . . federal relief." *Seneca Ins. Co., Inc. v. Strange Lan, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017) (internal quotation marks and citation omitted).  Thus, "*Colorado River* does *not* say that every time it is possible for a state court to obviate the need for federal review by deciding factual issues in a particular way, the federal court should abstain." *United States v. Morros*, 268 F.3d 695, 706 (9th Cir. 2001).  Instead, a court must find exceptional circumstances demonstrating that piecemeal litigation will be "particularly problematic" in the case before it.[4]  *Seneca Ins.*, 862 F.3d at 843.

---

[4] In *Morros*, the court stated "'it is evident that the avoidance of piecemeal litigation factor is met, as it was in . . . *Colorado River* itself, only when there is evidence of a strong federal policy that all claims should be tried in the state courts.'" 268 F.3d at 706–07 (quoting *Ryan v. Johnson*, 115 F.3d 193, 197–98 (3d Cir. 1997)).  More recently, in *Seneca Insurance,* the Ninth Circuit suggested that evidence of a clear federal policy is but one example of a special concern counseling in favor of abstention.  *See* 862 F.3d at 843 ("The district court misconstrued the piecemeal litigation factor because it failed to identify any special concern counseling in favor of federal abstention, *such as* a 'clear federal policy'. . . . Nothing about this dispute evinces a special or important rationale *or* legislative preference for resolving these issues in a single proceeding.") (emphasis added).  If this federal action proceeds it will require duplicative effort and pose a substantial risk of inconsistent judgments.  Even if this alone is insufficient to meet the avoidance of piecemeal litigation factor, abstention under *Colorado River* here is appropriate because, on balance, the remaining factors still weigh heavily in favor of such abstention.

Here, the state court has already decided substantive issues relating to this case. Namely, the state trial court determined: pursuant to the "open fields" doctrine, plaintiff did not have a reasonable expectation of privacy in the areas of his property that were inspected or subject to search by the county; the case relied upon by plaintiff, *Camara v. Municipal Court of City & County of San Francisco*, 387 U.S. 523 (1967), did not apply here; and the county's employees cannot be liable for punitive damages. (Doc. No. 17-3 at 290–91.) The state trial court also entered an order sustaining the county defendants' demurrer and granted the county defendants' request for dismissal. (Doc. No. 17-3, Exs. K, L.)

If this federal court were to exercise its jurisdiction, it would necessarily have to reanalyze these same issues, thereby requiring duplicative effort. Additionally, permitting the federal suit to go forward poses a real threat of this court reaching a different result than that reached in the state court, especially because it appears the amendments in plaintiff's SAC filed in this court were specifically crafted as plaintiff's response to the state court's adverse ruling. For example, although plaintiff in his state suit amended his complaint twice, filed an opposition to the defendants' demurrer, and filed an unauthorized sur-reply, he never contended in the state court proceedings that the area of his property that the county inspected was within the "curtilage" of his home and, as such, was protected by the Fourth Amendment—a claim he asserts for the first time in his SAC filed with this court. (*Compare* Doc. Nos. 1; 5; 17-3, Exs. A, B, C, G, I, *with* Doc. No. 15.) In an apparent effort to bolster his arguments of a reasonable expectation of privacy within the curtilage, plaintiff also for the first time refers to the structure on the property as a "home" and describes various "activities . . . intimately associated with the ongoings of the home" in his SAC. (Doc. No. 15 at 14, 22–24.) Therefore, allowing plaintiff to proceed with his federal suit will "undeniably result in piecemeal litigation." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989). Consideration of this factor thus weighs heavily in favor of abstention.

4. <u>The Order in Which the Forums Obtained Jurisdiction</u>

The fourth *Colorado River* factor concerns the order in which the forums obtained jurisdiction. Under this factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."

*Moses H. Cone*, 460 U.S. at 22.

Here, it is undisputed that plaintiff's state suit was filed nearly four months before this federal action was initiated. (*Compare* Doc. 17-3 at 2, *with* Doc. 1 at 1.) The federal action, as discussed below, is a parallel action brought by the same plaintiff against the same defendants; thus, the federal action is a "repetitive" lawsuit, and this fact, when coupled with "the fact that state court jurisdiction was invoked first[,] weighs heavily towards justifying a stay or dismissal of the parallel federal action." *Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*, 554 F. Supp. 277, 280–81 (C.D. Cal. 1983).

The state courts have also made significant progress in resolving plaintiff's suit filed there. The Mariposa County Superior Court considered plaintiff's complaint in its entirety, as well as defendants' demurrer, plaintiff's opposition to the demurrer, defendants' reply to the opposition, and plaintiff's unauthorized sur-reply; it held a hearing on the demurrer; and it entered judgment in favor of defendants and dismissed plaintiff's state suit. (Doc. 17-3, Exs. C, E–L.) As discussed above, the Mariposa County Superior Court has also ruled on substantive matters of law relating to plaintiff's causes of action. Finally, plaintiff has filed an appeal from the dismissal of his state suit and that appeal is now pending before the California Court of Appeal. In contrast, while this federal court has considered the parties' briefs and held a hearing on the pending motion to dismiss, it has not ruled on any substantive issue of law relating to plaintiff's claims. Thus, the state court's "significant progress" in the state suit also weighs heavily against this court asserting jurisdiction. *R.R. Street.*, 656 F.3d at 980.

Plaintiff contends he "was prevented from pursuing the case in Federal Court" because this court did not issue a summons until May 9, 2018, nearly seventeen (17) months after he first filed his complaint with this court. (Doc. No. 15 at 2.) According to plaintiff, now that a summons has issued, he is "choos[ing] to have the Federal Court assert jurisdiction" over his case. (*Id.*) Essentially, plaintiff is arguing this court's delay in issuing a summons forced him to litigate his claims in state court. The dockets in the two actions refute this contention: even if this court had promptly issued a summons in this case, plaintiff's state suit would still have been filed first—almost four months prior to this federal suit being initiated.

8

Had plaintiff desired to litigate his claims in federal court, he could have sought to stay his state suit, or elected only to file his claims in federal court. Instead, plaintiff fully litigated his causes of action against defendants in his state court action, received an adverse ruling from the state trial court, amended his federal complaint to include causes of action and defendants that the Mariposa County Superior Court had dismissed, and is now inviting this federal court to assert jurisdiction over those repetitive claims and defendants. The court declines the invitation. "Having elected state court, plaintiff should be bound by [his] choice absent compelling reasons to seek relief in another forum." *American Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988) (quoting *Ryder Truck Rental, Inc.*, 554 F. Supp. at 280); *Montanore Minerals Corp. v. Blake*, 867 F.3d 1160, 1168 (9th Cir. 2017). The court thus finds that the order in which the forums obtained jurisdiction over plaintiff's suits also weighs heavily in favor of abstention in this case.

        5.      <u>Whether Federal or State Law Provides the Rule of Decision on the Merits</u>

Fifth, the court examines whether federal law or state law provides the rule of decision on the merits. "[T]he presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]." *Moses H. Cone*, 460 U.S. at 26. "That state law provides the rule of decision supports abstention only when the state law questions are themselves complex and difficult issues better resolved by a state court." *Seneca Ins.*, 862 F.3d at 844. However, "[i]f the state and federal court[] have concurrent jurisdiction over a claim, this factor becomes less significant." *Nakash*, 882 F.2d at 1416.

Plaintiff's SAC asserts claims under federal law (violations of his Fourth Amendment rights; municipal and supervisory liability under 42 U.S.C. § 1983; the unconstitutionality of California Government Code § 65105) as well as state law claims (invasion of privacy; civil conspiracy; "oppression"; "malice"; intentional infliction of emotional distress). Because plaintiff's state law claims do not present complex or difficult issues relating to state law, their presence in this action does not support abstention. While the presence of plaintiff's federal law claims does weigh against abstention, this factor is mitigated here because the state court has concurrent jurisdiction over the plaintiff's federal law claims. The Supreme Court has

"consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990); *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 507–08 (1962); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) ("[S]tate courts are as competent as federal courts to decide federal constitutional issues.") (citing *Allen v. McCurry*, 449 U.S. 90, 105 (1980)). Consideration of this factor thus weighs only slightly against abstention.

      6.  <u>Whether the State Court Proceedings Can Adequately Protect the Rights of the Federal Litigants</u>

Sixth, "[a] district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants." *R.R. St. & Co. Inc.*, 656 F.3d at 981; *see also Montanore Minerals Corp.*, 867 F.3d at 1169. Thus, "if there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate." *R.R. St. & Co. Inc.*, 656 F.3d at 981. "[T]his factor is more important when it weighs in favor of federal jurisdiction." *Id.* (internal quotation marks and citation omitted); *see also Montanore Minerals Corp.*, 867 F.3d at 1169.

Here, consideration of this factor weighs in favor of abstention because the state court had the authority to address the rights and claims at issue in both actions. First, as discussed below, the causes of action in the state suit and the claims in the federal suit almost exactly mirror each other, and the state court considered and addressed each of plaintiff's causes of action (Doc. No. 17-3, Ex. J). Second, plaintiff does not contend that he was unable to allege any cause of action in the state suit, that the state court lacked jurisdiction to hear his causes of action, or that the state court lacked the authority to grant him the relief he sought. Consequently, it appears clear that plaintiff can adequately enforce the federal rights he asserts in the state court proceedings.

In his opposition to the motion to dismiss, plaintiff states that he "has always been concerned with the . . . objectivity of the . . . [state court]"; that he "does not believe that the judges are biased against him, but [they] may possibly hold a small degree of bias for the Cou[n]ty"; and that "[g]enerally . . . [he] believes there is no bias against him." (Doc. No. 26 at

8–9.) In any event, plaintiff offers no evidence suggesting that the state court is biased against him, nor does he argue that the state court prevented him from asserting causes of action. Even if plaintiff had credibly alleged such bias, his issue would be with the adequacy of the state court proceeding, not with whether the state court lacked the "authority to address the rights and remedies at issue in this case." *R.R. St. & Co. Inc.*, 656 F.3d at 981.[5] Consideration of the sixth *Colorado River* factor therefore supports abstention here as well.

### 7. The Desire to Avoid Forum Shopping

The seventh *Colorado River* factor considers "whether either party improperly . . . pursued suit in a new forum after facing setbacks in the original proceeding." *Seneca Ins.*, 862 F.3d at 846.

The court recognizes that plaintiff filed this federal suit well before receiving an adverse ruling in his state court action. Specifically, he filed this action on December 20, 2016 and the state court dismissed his state suit on March 22, 2018. (Doc No. 1 at 1; Doc. No. 17-3 at 306.) Nonetheless, the court finds that plaintiff's SAC filed in this case is an attempt by him to forum shop and avoid the state court's adverse ruling. Prior to the state trial court dismissing the state suit against the county defendants, plaintiff's FAC named California Attorney General Xavier Becerra as the sole defendant, alleged violations of his Fourth Amendment rights, and questioned the constitutionality of California Government Code § 65105. (*See* Doc. No. 5.) After the Mariposa County Superior Court granted defendants' demurrer and dismissed plaintiff's state suit and after this court issued a summons in this federal action, plaintiff amended his federal complaint to include defendants named and substantially all of the claims alleged in his recently dismissed state suit—"[t]his epitomizes forum shopping." *Am. Int'l Underwriters*, 843 F.2d at 1259. In short, after failing to prevail there, plaintiff "bec[ame] dissatisfied with the state court and now seeks a new forum for [his] claims." *Nakash*, 882 F.2d at 1417; *see also Montanore Minerals Corp.*, 867 F.3d at 1169; *Seneca Ins. Co.*, 862 F.3d at 846. Therefore, the need to discourage such forum shopping weighs heavily in favor of abstention here.

---

[5] Of course, plaintiff is not precluded from raising such concerns in his appeal pending before the state appellate court.

11

1          8.      <u>Whether the State Court Action Will Resolve All Issues Before the Court</u>

The eighth and final factor concerns whether the state court proceedings will resolve all issues before the court. "When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28. "[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a *Colorado River* stay or dismissal." *R.R. St. & Co. Inc.*, 656 F.3d at 982 (internal quotation marks and citation omitted). Thus, "a district court may enter a *Colorado River* stay [or dismissal] order only if it has 'full confidence' that the parallel state proceeding will end the litigation." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988)). Moreover, courts "should be particularly reluctant to find that actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation." *Nakash*, 882 F.2d at 1417. Exact parallelism between the state and federal suits is not required, but "substantial similarity of claims is necessary before abstention is available." *Seneca Ins.*, 862 F.3d at 845 (citing *Nakash*, 882 F.2d at 1416); *see also Montanore Minerals Corp.*, 867 F.3d at 1170.

Here, plaintiff's federal suit is clearly a "spin-off" of his state suit for the reasons noted above. Accordingly, this court therefore has full confidence that the state suit will completely and promptly resolve the issues between the parties.

First, the gravamen of both suits is that the county performed searches on plaintiff's property without plaintiff's consent. (*Compare* Doc. No. 17-3, Ex. C, *with* Doc. No. 15.) The operative complaint in the state suit alleges the following causes of action: municipal liability under 42 U.S.C. § 1983 (Doc. No. 17-3 at 49); supervisory liability under 42 U.S.C. § 1983 (*id.* at 42); violations of the California Tort Claims Act (*id.* at 53); violations of California Civil Code § 3480 (*id.* at 54); invasion of privacy (*id.* at 57); "official misconduct" (*id.* at 61); civil conspiracy (*id.* at 62); "oppression" (*id.* at 65); "malice" (*id.* at 66); intentional infliction of emotional distress (*id.* at 67); violations of plaintiff's Fourth Amendment rights (*id.* at 68); and the unconstitutionality of California Government Code § 65105 (*id.*). Similarly, the operative

complaint in this federal action explicitly alleges the following claims: municipal liability under 42 U.S.C. § 1983 (Doc. No. 15 at 14); supervisory liability under 42 U.S.C. § 1983 (*id.* at 17); and the unconstitutionality of California Government Code § 65105 (*id.* at 20). Construing plaintiff's pro se pleading liberally, the court finds the SAC also implicitly alleges the following claims: violations of plaintiff's Fourth Amendment rights (Doc. No. 15 at 11, 12, 18); invasion of privacy (*id.* at 12); civil conspiracy (*id.* at 11, 19, 21); "oppression" (*id.* at 20); "malice" (*id.*); intentional infliction of emotional distress (*id.*). Plaintiff's federal suit therefore alleges claims that are clearly substantially similar to the causes of action presented in his state suit.

Second, the defendants in both suits are substantially similar. In his state suit, plaintiff named the county, the county's planning department, the county's building department, Sarah Williams, Michael Kinslow, Steven Dahlem, Debra Willis, Brian Hodge, Mac Myovich, Josh Soares, Xavier Becerra, and Does 1–100 as defendants. (Doc. No. 17-3 at 33.) In his federal suit, plaintiff named Sarah Williams, the county's planning department, Xavier Becerra, the State of California, and Does 1–100 as defendants.[6] (Doc. No. 15 at 1.)

Finally, plaintiff himself has essentially conceded that the two actions are essentially parallel. In his FAC, plaintiff references the state suit and notes "it can be argued that the allegations and facts are related." (Doc. No. 5 at 2.). In his SAC, plaintiff alleges that he had previously filed "virtually the same case, applying the same facts and claims" in the state court and that his state suit was dismissed with prejudice. (Doc. No. 15 at 2.)

Plaintiff has not distinguished the two actions in any meaningful way. All of plaintiff's allegations concern the county searching his property without his consent or a warrant. The court therefore concludes that the two actions are almost exactly parallel—and the state proceedings

---

[6] Plaintiff has not yet served the California Attorney General, who is named as a defendant in both plaintiff's state and federal actions, or the State of California in compliance with Federal Rule of Civil Procedure 4(m). (*See* Doc. No. 16.) Nonetheless, *sua sponte* staying of the action as to these defendants is appropriate. *See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir.1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); *see also Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008). In this case, with respect to the appropriateness of abstention under *Colorado River* all the named defendants are in the same position.

13

will resolve all the issues pending before this court. Consideration of the eighth *Colorado River* factor therefore weighs heavily in favor of abstention.

### 9. Balancing the *Colorado River* Factors

To determine whether abstention is warranted, the court must balance the relevant factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16; *see also Colorado River*, 424 U.S. at 817 (Federal district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given to them."). However, abstention is appropriate under *Colorado River* where, like here, a *pro se* plaintiff attempts to relitigate claims previously litigated in state court. *See, e.g.*, *Bolgiano v. Garber*, No. CV 6:17-1163, 2018 WL 1433527, at *3–5 (W.D. La. Feb. 26, 2018), *report and recommendation adopted*, No. CV 6:17-1163, 2018 WL 1415689 (W.D. La. Mar. 21, 2018); *Server v. Nation Star Mortg., LLC*, No. 3:16-CV-1582 (VLB), 2017 WL 3097493, at *4–7 (D. Conn. July 20, 2017); *Burgos v. Suntrust Bank N.A.*, No. 13-21197-CIV, 2014 WL 11880360, at *2–4 (S.D. Fla. Nov. 17, 2014), *report and recommendation adopted*, No. 13-21197-CIV, 2015 WL 11201189 (S.D. Fla. Jan. 26, 2015); *Harrison v. Capital Grp. Companies, Inc.*, No. SACV090935DOC(MLGX), 2009 WL 3272071, at *6–7 (C.D. Cal. Oct. 9, 2009); *Ingalls v. The AES Corp.*, No. 1:07CV0104-DFH-TAB, 2007 WL 2362967, at *4–8 (S.D. Ind. Aug. 16, 2007), *aff'd sub nom. Ingalls v. AES Corp.*, 311 F. App'x 911 (7th Cir. 2008).

In this case, five of the six relevant factors weigh in favor of abstention. The desire to avoid piecemeal litigation, the order in which the forums obtained jurisdiction, the desire to avoid forum shopping, and whether the state court proceedings will resolve all issues before the federal court each weigh heavily in favor of abstention. Whether the state court proceedings can adequately protect the rights of the federal litigants also weighs in favor of abstention to some degree, albeit less than the other factors. Whether federal or state law provides the rule of decision on the merits weighs slightly against abstention. Because almost every *Colorado River* factor weighs in favor of abstention, the court finds that this case presents exceptional circumstances making it appropriate to surrender its jurisdiction to the state court.

/////

10. <u>Determining Whether a Stay or Dismissal is Appropriate</u>

Once a district court decides to abstain pursuant to *Colorado River*, it can either stay or dismiss the federal action. *See Moses H. Cone*, 460 U.S. at 28. In the Ninth Circuit, district courts "must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under *Colorado River*." *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1138 (9th Cir. 1990); *see also Montanore Minerals Corp.*, 867 F.3d at 1166 ("A stay 'ensures that the federal forum will remain open if for some unexpected reason the state forum.... turn[s] out to be inadequate.'") (quoting *Attwood v. Mendocino Cost Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989)). The court will therefore stay this federal action pending resolution of the state court proceedings.[7]

**CONCLUSION**

For the reasons stated above, defendants' motion to stay (Doc. No. 17) is granted and the parties are directed to inform the court when a final judgment is reached in plaintiff's state court proceedings.

IT IS SO ORDERED.

Dated: **November 16, 2018**　　　　　　　　*/s/ Dale A. Drozd*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[7] Once a final judgment is entered in the state suit, this federal action will likely be ripe for dismissal under principles of claim preclusion. *See Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985) ("Under California law, [] a judgment is not final for purposes of res judicata [or claim preclusion] during the pendency of and until the resolution of an appeal."). Here, given the identity of the claims and the privity of the parties between this federal suit and plaintiff's state suit, a final judgment on the merits in the state suit will likely give rise to a preclusive effect. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005).