UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MAROWITZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SARAH WILLIAMS, et al.,<br><br>　　　　　Defendants. | No. 1:16-cv-01892-DAD-BAM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT, AND GRANTING DEFENDANTS' MOTION TO STRIKE<br><br>(Doc. Nos. 56, 66, 84, 87) |

　　　　This matter is before the court on a motion to dismiss filed on behalf of defendants County of Mariposa, Mariposa County Planning Department, Josh Soares, Sarah Williams, Mach Myovich, and Steven Dahlem (collectively "defendants" or "county defendants") on April 30, 2021.[1]  (Doc. No. 56.)  Also before the court is plaintiff's motion for leave to file a third amended complaint (Doc. No. 66) and defendants' motion (Doc. No. 87) to strike a second, redundant

---

[1] The undersigned apologizes for the excessive delay in the issuance of this order.  This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion.  That situation has now been partially addressed by the U.S. Senate's confirmation of a new district judge for this court on December 17, 2021.  Nonetheless, for over twenty-two months the undersigned was left presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants.  Unfortunately, that situation sometimes results in the court not being able to issue orders in submitted civil matters within an acceptable period of time.  This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

motion for leave to file a third amended complaint (Doc. No. 84) that plaintiff filed in this case. Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, all of these motions were taken under submission on the papers. (Doc. Nos. 62, 65, 79.) For the reasons explained below, the court will grant defendants' motion to dismiss and motion to strike and deny plaintiff's motion for leave to file a third amended complaint.

## BACKGROUND

**A.      Plaintiff's State Court Action Against Defendants**

On September 1, 2016, plaintiff filed a *pro se* complaint in Mariposa County Superior Court against the named defendants asserting numerous causes of action, each of which stems from searches that Mariposa County personnel allegedly executed on plaintiff's property without plaintiff's consent or a warrant. (Doc. No. 17-3, Ex. A.) Defendants did not remove that state court action to this federal court. Rather, on February 5, 2018, defendants filed a demurrer to the operative complaint in the state court action, arguing that plaintiff had failed to allege facts sufficient to state a cognizable cause of action. (Doc. No. 17-3, Exs. E, F.) The state trial court ruled that plaintiff "had no legitimate expectation of privacy in the areas of his property that w[ere] searched by the County pursuant to the open fields doctrine." (Doc. No. 17-3 at 291.) Defendants' demurrer was sustained without leave to amend as to all causes of action except plaintiff's challenge to the constitutionality of California Government Code § 65105, as to which plaintiff was granted leave to amend for the sole purpose of substituting the State of California as the named defendant. (*Id.* at 291–92.)

On or about May 7, 2018, plaintiff appealed the state trial court's ruling to the California Court of Appeal. (Doc. No. 17-3, Ex. M.) On July 17, 2020, the state appellate court issued its opinion and affirmed the state trial court's judgment in favor of defendants. (Doc. No. 58-1.) On September 15, 2020, plaintiff received permission from the California Supreme Court to file an untimely petition for review (Doc. No. 59-2), which the California Supreme Court denied on November 10, 2020 (Doc. No. 58-4).

/////

/////

**B.     This Federal Court Action**

While plaintiff's state court action was pending, plaintiff initiated this action against county defendants in this federal court. On December 20, 2016, plaintiff filed a *pro se* complaint in this action against defendants similarly alleging numerous claims based upon the same searches underlying plaintiff's claims asserted in his state court action. (Doc. No. 1.) Plaintiff filed a first amended complaint on December 14, 2017. (Doc. No. 5.) Nearly a year later, defendants were served with plaintiff's federal complaint on August 21, 2018. (Doc. Nos. 12, 13.)

On August 23, 2018, plaintiff filed his second amended complaint ("SAC"), the operative complaint in this action. (Doc. No. 15.) Defendants moved to dismiss the SAC, or in the alternative, to stay this federal action in light of the then ongoing state court proceedings pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (Doc. No. 17.) On November 16, 2018, the court granted defendants' motion to stay, deeming it judicially prudent to await the final decision of the state appellate court. (Doc. No. 30.)

On March 4, 2021, the court lifted the stay because the parallel state proceedings were no longer pending. (Doc. No. 47.) On April 30, 2021, the county defendants filed the pending motion to dismiss plaintiff's second amended complaint as it pertains to them. (Doc. No. 56.) Plaintiff did not file an opposition to defendants' motion to dismiss. Defendants did, however, file a reply with respect to their motion to dismiss on June 8, 2021. (Doc. No. 72.) On May 28, 2021, plaintiff filed a motion for leave to file a third amended complaint. (Doc. No. 66.) On July 14, 2021, defendants filed an opposition to plaintiff's motion for leave to file a third amended complaint. (Doc. No. 81.) On July 19, 2021, plaintiff filed a reply thereto. (Doc. No. 86.)[2]

/////
/////
/////

---

[2] On July 15, 2021, plaintiff filed what appears to be another motion for leave to file a third amended complaint. (Doc. No. 84.) Arguing that this newly filed motion is redundant, on August 2, 2021, defendants filed the pending motion to strike plaintiff's second motion for leave to file a third amended complaint. (Doc. No. 87.)

# LEGAL STANDARDS

## A. Rule 12(b)(6) Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## B. Motion for Leave to Amend

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. *Id.*

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces

an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

In determining futility, "[t]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied." *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (citing 3 Moore's Federal Practice P. 15.08(4) (2d ed. 1974)).

**ANALYSIS**

**A.     Motion to Dismiss[3]**

In their pending motion to dismiss, the county defendants argue that plaintiff's complaint should be dismissed as it pertains to them under the principles of claim preclusion. (Doc. No. 57 at 14.) Specifically, defendants contend that this federal action involves the same claims that were dismissed in the state action. (*Id.*)

"Claim preclusion 'treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). Pursuant to "the Full Faith and Credit Act,

---

[3] Throughout this order, the court refers to documents filed in plaintiff's state court action. Ordinarily, the court considers only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). A court may take judicial notice of documents filed in related state court actions. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims). The court does so here.

federal courts must give state judicial proceedings 'the same full faith and credit . . . as they have by law or usage in the courts of [the] State . . . from which they are taken.'" *Id.* at 322 (quoting 28 U.S.C. § 1738). Accordingly, federal courts must "apply the *res judicata* rules of a particular state to judgments issued by courts of that state." *Id.* Therefore, in this case, the court must apply California law in determining whether the state court's judgment in favor of defendants on plaintiff's claims should be given preclusive effect. *See id.*

"Under California law, the doctrine of claim preclusion will apply if two cases involve the same claim or cause of action, and there has been a final decision judgment on the merits in the earlier decided case." *Avery v. County of Santa Clara*, No. 11-cv-04456-LHK, 2012 WL 5522554, at *6 (N.D. Cal. Nov. 13, 2012). In determining whether a claim or cause of action is the same, California courts apply the "primary rights" theory. *Robi*, 838 F.2d at 322. Under this theory, "the violation of a single primary right gives rise to but a single cause of action." *San Diego Police Officers' Ass'n v. San Diego City Emps. Ret.*, 568 F.3d 725, 734 (9th Cir. 2009) (quoting *Crowley v. Katleman*, 8 Cal. 4th 666, 681 (1994)). The "primary right" is based on the "harm suffered, as opposed to the particular theory asserted by the litigant, and [e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." *Slater v. Blackwood*, 15 Cal. 3d 791, 793 (1975). As such, "[i]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *San Diego Police Officers' Ass'n*, 568 F.3d at 734 (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)). Moreover, "California, as most states, recognizes that the doctrine of *res judicata* will bar not only claims actually litigated in a prior proceeding, but also claims that could have been litigated." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993).

Here, the court concludes that the requirements for claim preclusion have been satisfied. Plaintiff has alleged the same causes of action in this action as he asserted in the state court action. Plaintiff asserted the following claims in his operative complaint in the state action:

municipal liability under 42 U.S.C. § 1983 (Doc. No. 17-3 at 49); supervisory liability under 42 U.S.C. § 1983 (*id.* at 42); violations of the California Tort Claims Act (*id.* at 53); violations of California Civil Code § 3480 (*id.* at 54); invasion of privacy (*id.* at 57); "official misconduct" (*id.* at 61); civil conspiracy (*id.* at 62); "oppression" (*id.* at 65); "malice" (*id.* at 66); intentional infliction of emotional distress (*id.* at 67); violations of plaintiff's Fourth Amendment rights (*id.* at 68); and the unconstitutionality of California Government Code § 65105 (*id.*). Similarly, in his SAC in this action, plaintiff asserts the following claims: municipal liability under 42 U.S.C. § 1983 (Doc. No. 15 at 14); supervisory liability under 42 U.S.C. § 1983 (*id.* at 17); and the unconstitutionality of California Government Code § 65105 (*id.* at 20). Construing plaintiff's *pro se* pleading liberally, the court finds the SAC also implicitly alleges the following claims: violations of plaintiff's Fourth Amendment rights[4] (*id.* at 11, 12, 18); invasion of privacy (*id.* at 12); civil conspiracy (*id.* at 11, 19, 21); "oppression" (*id.* at 20); "malice" (*id.*); and intentional infliction of emotional distress (*id.*). Plaintiff's federal suit therefore clearly alleges claims that are substantially similar to the causes of action he presented in his state suit. Furthermore, both the state and federal cases arise from the same operative facts. (*Compare* Doc. No. 15 *with* Doc. No. 17-3 at 32.) Most importantly, although plaintiff has alleged everything but the "kitchen sink" in both cases when it comes to causes of action, the *harm* alleged remains the same throughout. Specifically, plaintiff alleges that defendants entered his property from time to time to take photographs of portions of his land without plaintiff's consent and without a warrant. (*See* Doc. No. 58-1 at 3.) These inspections were allegedly used to ascertain plaintiff's level of compliance with open storage regulations. (*Id.*) According to plaintiff, these inspections harmed him because defendants invaded his property without his permission. (*Id.*)

In reviewing the sufficiency of plaintiff's allegations, both the state trial and appellate courts concluded that plaintiff had failed to state a cognizable claim under any state or federal

---

[4] Plaintiff seeks to add claims purportedly based on the Fifth Amendment to his proposed third amended complaint. (*See generally* Doc. No. 67.) It is obvious that in doing so plaintiff is merely attempting to circumvent the previous court orders dismissing his Fourth Amendment claims. Nevertheless, the Fifth Amendment claims plaintiff seeks to add still stem from his previously alleged harm: defendants' alleged trespass onto his property. Accordingly, any Fifth Amendment claims asserted by plaintiff would likewise be barred by the doctrine of *res judicata*.

law. Those courts determined that the "open fields" doctrine barred plaintiff's claims that defendants had violated his Fourth Amendment rights to be free from unreasonable search and seizure. (Doc. No. 58-1 at 10.) Furthermore, there has been a final judgment entered in favor of defendants on the merits of plaintiff's claims in this regard. The state trial court fully considered plaintiff's claims in entering judgment in favor of defendants as to plaintiff's claims. (Doc. No. 17-3 at 298.) Subsequently, on appeal, the state appellate court conducted its own review and affirmed the trial court's ruling entering judgment in favor of defendants on plaintiff's claims. (Doc. No. 58-1.) Thus, there has been a final resolution of plaintiff's claims. *See Eichman*, 759 F.2d at 1439 (noting that under California law, "a judgment is not final for purposes of *res judicata* during the pendency of and until the resolution of an appeal").

As this court noted in its previous order staying this case, "[p]laintiff has not distinguished the two actions in any meaningful way. All of plaintiff's allegations concern the county searching his property without his consent or a warrant." (Doc. No. 30 at 13.) Indeed, this court further noted that it had "full confidence that the state suit will completely and promptly resolve the issues between the parties" because "plaintiff's federal suit is clearly a 'spin-off' of his state suit." (*Id.* at 12.) The undersigned once again concludes that "the two actions are almost exactly parallel—and the state proceedings [have resolved] all the issues pending before this court." (*Id.* at 13–14.)

For these reasons, the court will grant county defendants' motion to dismiss all of plaintiff's claims (except for his claim brought under California Government Code § 65105 which is addressed separately below) because those claims are precluded by the doctrine of *res judicata*.

**B.  Motion for Leave to Amend**

The court has reviewed plaintiff's SAC and proposed third amended complaint, recognizing that those pleadings shall be liberally construed in light of plaintiffs' *pro se* status and that *pro se* filings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Woods v. Carey*, 525 F.3d 886, 889–90 (9th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.1985) (*en banc*) (noting that where a litigant is *pro se*, courts have an obligation "to construe the pleadings

8

liberally and to afford the [litigant] the benefit of any doubt"). Nevertheless, the court will deny plaintiff's motion for leave to file a third amended complaint because granting further leave to amend would be futile. Plaintiff has litigated this case extensively in both state and federal court, and as discussed above, plaintiff's claims brought in this action, identified above, are clearly barred under the doctrine of *res judicata*. Because in his proposed third amended complaint plaintiff seeks to add claims that do not arise from a different harm than the harm allegedly caused by defendants' alleged trespass on his property, plaintiff's proposed new claims are all also barred under the doctrine of *res judicata*.

Accordingly, plaintiff's motion for leave to file a third amended complaint (Doc. No. 66) will be denied. In addition, plaintiff's apparently redundant motion for leave to file a third amended complaint (Doc. No. 84) will be denied for the same reasons, and defendants' motion to strike that redundant motion (Doc. No. 87) will be denied as having been rendered moot by this order.

**C.     Plaintiff's Claim that California Government Code § 65105 Is Unconstitutional**

When this court stayed this action, the undersigned determined that "with respect to the appropriateness of abstention under *Colorado River* all the named defendants are in the same position." (Doc. No. 30 at 13 n. 6) (citing *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared.")). However, unlike plaintiff's other claims, which were dismissed by the state trial court, plaintiff's claim that California Government Code § 65105 is unconstitutional was not dismissed in the state court case. Rather, as to that cause of action, the state court sustained the demurer with leave to amend for the sole purpose of substituting the State of California as a defendant. (Doc. No. 17-3 at 291–92.) As such, *res judicata* would not bar this claim from going forward against the State of California in this federal action. Nonetheless, plaintiff has not yet served the California Attorney General, who was named as a defendant in both plaintiff's state and federal actions, or the State of California, and thus plaintiff has not complied with Federal Rule of Civil Procedure 4(m). (*See* Doc. No. 16.) Should plaintiff wish to proceed on this one

remaining claim, he is instructed to properly serve the California Attorney General and the State of California in compliance with Rule 4(m) within thirty (30) days of this order. Alternatively, plaintiff may file a notice of voluntary dismissal of this action under Rule 41. Plaintiff is warned that his failure to comply with this order may result in a dismissal of this case for failure to obey a court order and failure to prosecute.

## CONCLUSION

For the reasons stated above,

1. Defendants' motion to dismiss (Doc. No. 56) is granted;
2. Plaintiff's motion for leave to file a third amended complaint (Doc. No. 66) is denied;
3. Plaintiff's second motion for leave to file a third amended complaint (Doc. No. 84) is likewise denied;
4. Defendants' motion to strike (Doc. No. 87) is denied as having been rendered moot;
5. Should plaintiff wish to proceed on his one remaining claim, he is instructed to properly serve the California Attorney General and the State of California in compliance with Rule 4(m) within thirty (30) days of this order;
6. Plaintiff is warned that his failure to comply with this order may result in a dismissal of this case for failure to obey a court order and failure to prosecute;
7. Defendants County of Mariposa, Mariposa County Planning Department, Sarah Williams, Steven Dahlem, Mach Myovich, and Josh Soares are terminated from this action and the Clerk of the Court is directed to update the docket accordingly; and
8. The court will not consider any additional filings related to the county defendants dismissed from this action by this order.

IT IS SO ORDERED.

Dated: __March 7, 2022__         _____
                                  UNITED STATES DISTRICT JUDGE